AO 472  (Rev. 12/03)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　　　　CASE NO: 05-CR-20030-02-BC

KEVIN DAVID WILLIAMS
_____/

**ORDER OF DETENTION PENDING TRIAL**

　　　In accordance with § 3142(f) of the Bail Reform Act, a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I:  Findings of Fact**

　　Does not apply.

**Alternative Findings (A)**
　　(1)　There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

　　(2)　The defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**
　　There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II:  Written Statement of Reasons for Detention**

　　The Government moves for detention pursuant to 18 U.S.C. § 3142, and argues that the presumption in favor of detention applies. As this Defendant faces at least ten years potential custody for alleged violations of the Controlled Substances Act, I agree that the presumption applies.  Therefore, I am required to consider whether or not there is sufficient evidence to rebut the presumption in light of the factors set forth under 18 U.S.C. § 3142(g).

As to the factors set forth in § 3142(g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically cocaine.  I find that from the grand jury having passed an Indictment there is probable cause supporting the charge made against the Defendant.

As to the factors set forth in § 3142(g)(3), I note that Defendant is 27 years of age and has maintained a continuous residence with his father and brothers at an address in Detroit, Michigan.  Defendant has been unemployed since 1999, at which time he was employed at a retailer business in Detroit.  That employment ceased as a result of injuries sustained in an automobile accident.  Defendant presently mows lawns when he can during the summer season for income.

At the time of Defendant's initial interview with Pretrial Services, he provided a social security number which was found by the Pretrial Services Officer to be false.  Defendant's father provided Pretrial Services a social security number which appears to be accurate.  It is one digit different than that given by Defendant.  Although Defendant told Pretrial Services that he has not used controlled substances for a number of years, urinalysis testing revealed a result positive for cocaine.

There is considerable question on this record as to Defendant's prior criminal history.  The Pretrial Services Officer believes that Defendant has used various aliases, including the name of his brother, Kevin Davis Williams, instead of what appears to be his given name, Kevin David Williams.  The Pretrial Services Officer also notes that the state identification numbers issued to this Defendant and to Defendant's brother, who is currently incarcerated by the Michigan Department of Corrections, are identical.  Pretrial Services is able to confirm that Defendant has a misdemeanor weapons offense presently pending in Wayne County, Michigan.  Defendant admitted that he was convicted of possession of cocaine less than 25

grams in 1997.  Counsel for Defendant proffers that Defendant was convicted of being in a drug house the same year, but it is unclear whether or not these two convictions arise from the same circumstances.  Defendant stated to Pretrial Services that he was convicted of possession of marijuana in 1995 or 1996.  Pretrial Services is unable to confirm that conviction.  Pretrial Services believes that Defendant has a number of prior criminal convictions based upon records shared with them by the Wayne County Probation Department, which are based upon an analysis of Defendant's fingerprints.  From that information, it appears that Defendant was convicted in 1990 of a possession of controlled substance less than 25 grams, and sentenced to three years probation.  In 1995, Defendant appears to have been charged with delivery of controlled substances less than 50 grams and possession of controlled substances less than 25 grams, and that this was a violation of probation from the earlier offense.  He was sentenced to 18 months probation on that charge.  Counsel for Defendant proffers that this is in fact a conviction obtained by Defendant's brother.  According to the Wayne County records, Defendant was charged in October 2002 with two counts of delivery of controlled substances less than 50 grams and that this charge was another probation violation.  The Wayne County information shows that there was a sentence of two years probation in June 2004.

In its endeavor to accurately depict Defendant's prior criminal history, Pretrial Services developed information on Defendant's brother who is currently incarcerated.  None of the dates of conviction listed for Defendant's brother match any of the dates shown on the Wayne County records for Defendant.

Of greater relevance to the issues presented by this motion, I note that at the time of Defendant's arrest, he fled the officers seeking to arrest him, first by car, and after his car was rendered no longer driveable, Defendant fled on foot.  Once

apprehended, premarked currency, part of a controlled drug purchase made by an informant, was found on Defendant's person along with small amounts of other controlled substances.

Counsel for Defendant argues that Defendant has not been untruthful, but that he has in fact been truthful in every way and has been effectively rendered the victim of identity theft by his own brother. However, whether or not Defendant is a victim of identity theft by his brother, it is clear that this Defendant has at least one prior drug felony conviction. More importantly, at the time of his arrest, Defendant possessed funds transferred as part of a controlled drug delivery. Moreover, he fled the arresting officers and was apprehended only after a car and a foot chase. Defense counsel notes correctly that Defendant has been consistently living with his family and proffers that there is set of conditions that could be crafted that would allow Defendant's family to control Defendant's behavior. While not wishing to demean the support of Defendant's family, it is clear to me that the family has thus far been unable to control Defendant's behavior, and I conclude that it is unlikely that the family would be able to undertake the level of control that is necessary under the Bail Reform Act to assure that Defendant is not a threat of harm to the community.

Counsel proffers that Defendant has always appeared for any prior criminal matters. While that may be true, this Defendant now very likely faces criminal sanctions much greater than he has ever faced in the past, and I cannot escape the fact that he sought to flee from the arrest that leads to the present charge.

As a result, I cannot conclude that defense counsel's currently unsubstantiated proffer is sufficient to rebut the presumption in favor of detention made on this record. Accordingly, I conclude that the presumption has not been rebutted. In the alternative, I further conclude that even if the presumption had been rebutted, there are no

conditions or combination of conditions which I reasonably believe would either assure the safety of the community or the Defendant's appearance at future proceedings. Therefore, the government's motion to detain is **GRANTED**.

**Part III:  Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| | s/ *Charles E Binder* |
| | CHARLES E. BINDER |
| Dated: July 19, 2005 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Janet Parker, and served on Marc Lakin, District Judge Lawson, the U.S. Marshal's Service and Pretrial Services in the traditional manner.

|  |  |
|---|---|
| Date: July 19, 2005 | By      s/Jean L. Broucek |
| | Case Manager to Magistrate Judge Binder |