UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Case Number 05-20030-BC

v.                                    Honorable David M. Lawson

KEVIN DAVID WILLIAMS,

        Defendant.
_____/

## **ORDER DENYING MOTION TO AMEND DETENTION ORDER**

Defendant Kevin David Williams has filed a motion to amend a detention order. Magistrate Judge Charles E. Binder ordered the defendant detained on July 19, 2005. The Court has authority to review an order of detention pursuant to 18 U.S.C. § 31.45(b).

The defendant is charged with distributing cocaine in violation of 21 U.S. C. § 841(a)(1) and (b)(1)(C). Because he has been charged with a controlled substance offense punishable by more than ten years in custody, the magistrate judge applied the statutory presumption that there was no condition or combination of conditions that could guarantee the defendant's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e). The defendant apparently was unable rebut that presumption. The defendant alleges that in making that determination, the magistrate judge considered a prior conviction for a controlled substance offense, and he found that the defendant's family would be unable to exert the necessary control over him to assure his court appearances and lawful residence in the community.

The defendant alleges in his motion that a subsequent investigation establishes that he has no prior criminal convictions. He also states that if he was returned to the custody of his father, he would not pose a danger to the community.

Different standards now apply to the consideration of the detention order then when it was originally issued, however, because of the intervening guilty plea tendered by the defendant. The defendant entered a plea of guilt on November 29, 2005 to a lesser offense contained in count seven of the superseding indictment, which charges conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 841(b)(1)(C). That offense carries a maximum sentence of up to twenty years in custody. Congress has provided that a person who has been convicted of such a crime must be detained pending the imposition or execution of sentence unless "an attorney for the Government has recommended that no sentence of imprisonment be imposed on that person," and the Court determines that the defendant will not pose a risk of flight or a danger to another person or the community. *See* 18 U.S.C. § 3143(a)(2)(A)(ii) & (B).

The government has not recommended a noncustodial sentence in the case. In fact, the suggested Sentencing Guidelines, which are advisory, require a custody sentence. Because the defendant has not satisfied the statutory requirements, the Court is constrained to deny his motion to alter the detention order.

Accordingly, it is **ORDERED** that the defendant's motion to amend the detention order is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   December 29, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 29, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS